Thomas E. SHERIDAN, Wanda Sheridan, Thomas E.S. Sheridan and Miriam V. Olson, Plaintiffs,

v.

Gilbert WEINBERGER, Robert Romich, Patricia Romich, First Eastern Bank, N.A., First Eastern Corporation, John and/or Jane Doe and Doe Corporation, Defendants.

No. 3:CV–87–0955.

United States District Court, M.D. Pennsylvania.

June 26, 1991.

Stephen W. Miller, Edward C. Toole, Jr., Andrew J. Walko, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiffs.

James G. Wiles, Steven M. Schain, Wayne, Pa., for defendants Gilbert Weinberger and Robert and Patricia Romich.

Robert C. Heim, Jennifer M. Anderson, Jeffrey W. Soderberg, Dechert Price & Rhoads, Philadelphia, Pa., for defendants First Eastern Bank, N.A. and First Eastern Corp.

MEMORANDUM

McCLURE, District Judge.

I. BACKGROUND

Plaintiffs commenced this action on July 10, 1987. On January 21, 1988, plaintiffs filed a second amended complaint alleging securities fraud, RICO (Racketeer Influenced and Corrupt Organizations Act) violations and a violation of the Pennsylvania Banking Code. On November 13, 1990, all of the defendants filed motions for summary judgment.

This action arises out of the purchase of shares of stock in Hawley Bank shortly before a merger with defendant First Eastern Bank, N.A. The plaintiffs contend that at the time their stock was purchased by defendants Gilbert Weinberger, Robert Romich and Patricia Romich the defendants were aware of the impending merger. They maintain that prior to the stock transaction defendant Weinberger, a member of the Hawley Bank's board of directors, secretly negotiated a merger agreement with the president of defendant First Eastern Bank with whom he had a long history of dealings. Plaintiffs claim that this secretly negotiated merger agreement was a material fact which the defendants failed to disclose prior to the stock transaction. They also allege that the role of defendants First Eastern Bank and First Eastern Corporation in this scheme was at least that of aiders and abettors.

II. DISCUSSION

The defendants argue that summary judgment should be granted on all counts of the thirteen-count complaint. However, there are several genuine issues of material fact concerning the circumstances sur-

rounding the stock transactions.[1] Accordingly, the defendants' motions for summary judgment will be denied with respect to the counts relating to fraud and common law conspiracy.

■ Likewise, defendant Weinberger's motion for summary judgment on count five will be denied. Weinberger argues that count five should be dismissed because there is no private right of action for damages for a violation of the Pennsylvania Banking Code cited by plaintiff. See 7 Pa.S. §§ 112(g) and 2105(b). However, the language of the statute itself belies this argument. "Any person who violates any provision of section 112 *shall be liable to any* institution, corporation or *shareholder thereof damaged thereby and, in the discretion of the court, for punitive damages.*" 7 Pa.S. § 2105(b) (emphasis added). Although there is no judicial authority to guide the Court in interpreting this statute, the language of the statute makes it abundantly clear to the Court that there is a private right of action for damages, including punitive damages, for a violation of 7 Pa.S. § 112.

Notwithstanding the validity of plaintiffs' allegations of securities fraud, defendants' motions for summary judgment on the alleged RICO violations will be granted because, assuming that plaintiffs have properly alleged predicate acts of securities, mail and wire fraud, the complaint does not allege a "pattern of racketeering." *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

> The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pat-

tern." S.Reg. 91–617, p. 158 (1969) (emphasis added).

*Id.* at 496 n. 14, 105 S.Ct. at 3285 n. 14, 87 L.Ed.2d at 358 n. 14.

The Third Circuit has construed the "continuity plus relationship" requirement as calling for an inquiry into the extent of racketeering activity on a case by case basis. *Barticheck v. Fidelity Union Bank/First Nat. Bank,* 832 F.2d 36, 39 (3d Cir.1987). The factors relevant to this inquiry are the "number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity." *Id.* at 39.

> The target of the RICO statute, as its name suggests, is criminal activity that, because of its organization, duration, and objectives poses, or during its existence posed, a threat of a series of injuries over a significant period of time.

*Marshall–Silver Constr. Co. v. Mendel,* 835 F.2d 63, 66–67 (3d Cir.1987).

■ Plaintiffs do not allege criminal activity which posed "a threat of a series of injuries over a significant period of time." Plaintiffs claim only one injury, the sale of their Hawley Bank stock induced by alleged fraudulent acts of the defendants. The alleged criminal activity had only one objective, the acquisition of Hawley Bank stock prior to the merger. In addition, the alleged criminal activity lasted only a few months and, according to plaintiffs' brief, was directed towards no more than ten individuals.

Therefore, the activity complained of, the fraudulent purchase of Hawley Bank stock, does not amount to a "pattern of racketeering activity." Compare *Barticheck v. Fidelity Union Bank,* supra (holding that a scheme to defraud investors involving twenty-three acts directed towards twenty victims alleged a pattern of racketeering activity); *Saporito v. Combustion Engineering Inc.,* 843 F.2d 666, 667 (3d Cir. 1988) (holding that a scheme to induce employees to retire early involving thirty-two

---

1. The foremost being the extent of defendant Weinberger's merger negotiations prior to the stock transactions, and the remaining defendants' knowledge of those negotiations.

acts directed towards thirty-two victims alleged a pattern of racketeering activity).

We therefore enter the following Order.

## ORDER

For the reasons stated in the accompanying memorandum, it is Ordered that:

1. The motion for summary judgment filed November 13, 1991, by defendants First Eastern Bank, N.A. and First Eastern Corporation is denied in part and granted in part.

2. The motion for summary judgment filed November 13, 1991, by defendants Gilbert Weinberger, Robert Romich and Patricia Romich is denied in part and granted in part.

3. All of the defendants are granted summary judgment on plaintiffs' claims relating to violations of the Racketeer Influenced and Corrupt Organizations Act. Accordingly, the Court will defer entry of judgment in favor of the defendants and against the plaintiffs on Counts VI, VII, VIII, IX, X and XI of plaintiffs' second amended complaint until the conclusion of this action.

4. This action shall proceed to trial on the remaining counts relating to fraud, common law conspiracy and violations of the Pennsylvania Banking Code.